**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JACOB T. BARTAKOVITS, on behalf of himself and others similarly situated,** | **CIVIL ACTION** |
| **Plaintiff,** | **CASE NO. _____** |
| **v.** | **CLASS/COLLECTIVE ACTION** |
| **WIND CREEK BETHLEHEM LLC, D/B/A WIND CREEK BETHLEHEM** | **JURY TRIAL DEMANDED** |
| | *ELECTRONICALLY FILED* |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Jacob T. Bartakovits ("Plaintiff"), on behalf of himself and others similarly situated, brings this Class and Collective Action Complaint against Wind Creek Bethlehem LLC d/b/a Wind Creek Bethlehem ("Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and other similarly situated employees work or worked for Defendant, a casino located in Bethlehem, Pennsylvania.

2.      Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal and state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.      Specifically, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage.  Defendant also made improper deductions from its employees' paychecks for gaming license fees and other deductions which reduced its employees' compensation below the required minimum wage and, in some situations, overtime rate under state and federal law for all hours worked.

4.      Defendant's systemic violation of federal and state wage laws was willful.

1

5.     Plaintiff, on behalf of himself and others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiff and other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Pennsylvania state law, including the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*., and Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.*

## JURISDICTION AND VENUE

6.     Federal question jurisdiction over the FLSA claims of Plaintiff and others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Supplemental jurisdiction over the state law claims of Plaintiff and others similarly situated is based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case and controversy.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9.     Plaintiff is a resident of Hellertown, Pennsylvania (Northampton County).

10.     From approximately August 2018 through October 2019, Plaintiff was employed by Defendant (or its predecessor) at the casino property located at 77 Wind Creek Boulevard, Bethlehem, Pennsylvania 18015.  During his employment, Plaintiff worked as a Table Games Dealer, which was an hourly, non-exempt position.  Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

11.     Defendant is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.  Defendant is registered to do business and does conduct business in the State of Pennsylvania.

12.     At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

13.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

14.     At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

15.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations period.

### OVERVIEW OF PLAINTIFF'S CLAIMS

### Overview of Defendant's Violation of the Tip Credit Notice Provisions

#### *FLSA Requirements*

16.     Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this

subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

17.     The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

18.     Defendant employs Plaintiff and other similarly situated tipped employees and pays them a direct cash wage that is less than the FLSA's federal minimum wage ($7.25 per hour) but failed to properly notify them of the tip credit requirements of the FLSA.  Despite this violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the federal minimum wage to Plaintiff and all other similarly situated tipped employees.

19.     Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip

credit shall not apply to any employee who has not been informed of these requirements in this section.

20.     Likewise, when Defendant changes the amount of the tip credit they claim against their obligation to pay Plaintiff and other similarly situated employees the FLSA's required minimum wage, Defendant does not inform Plaintiff and other similarly situated employees of the change in the amount of the tip credit claimed.

21.     Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the FLSA.

22.     As a result of Defendant's above-described FLSA violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage), which is the amount of the unpaid minimum wages, (2) an additional equal amount as liquidated damages, and (3) a reasonable attorneys' fee and costs of this action.

### *Pennsylvania's Requirements*

23.     Under the PMWA, an employer may, in certain circumstances, take a "tip credit" toward its state minimum wage obligations for tipped employees.  Pursuant to the explicit language of the PMWA, a tip credit may not be taken "with respect to any tipped employe[e] unless: (1) [s]uch employe[e] has been informed by the employer of the provisions of [43 P.S. § 333.103(d)]; (2) [a]ll tips received by such employe[e] have been retained by the employe[e] … except that this subsection shall not be construed to prohibit the pooling of tips among employe[e]s who customarily and regularly receive tips."  43 P.S. § 333.103(d).

24.     43 P.S. § 333.103(d) provides in relevant part: "In determining the hourly wage an employer is required to pay a tipped employe[e], the amount paid such employe[e] by his or her employer shall be an amount equal to: (i) the cash wage paid the employe[e] which for the purposes of the determination shall be not less than the cash wage required to be paid the employe[e] on the date immediately prior to the effective date of this subparagraph; and (ii) an additional amount on account of the tips received by the employe[e] which is equal to the difference between the wage specified in subparagraph (i) and the wage in effect under section 4 of this act.  The additional amount on account of tips may not exceed the value of tips actually received by the employe[e]."

25.     In addition, Pennsylvania law mandates that "[t]he amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week." 34 Pa. Code § 231.34.

26.     Defendant employs Plaintiff and other similarly situated tipped employees and pay them a direct cash wage that is less than the PMWA's state minimum wage ($7.25 per hour) but failed to properly notify them of the tip credit requirements of the PMWA.  Despite this violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the state minimum wage to Plaintiff and all other similarly situated tipped employees.

27.     Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of the additional amount by which their wages are increased on account of the tip credit claimed by Defendant, and that such amount may not exceed the value of the tips actually received by them.

28.     Likewise, Defendant does not report, in writing, to Plaintiff and other similarly situated employees, the amount per hour which it claims as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it is changed from the amount per hour taken in the preceding week.

29.     Defendant's PMWA's violations alleged herein were willful in that Defendant either knew of the specific PMWA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the PMWA.

30.     As a result of Defendant's above-described PMWA's violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required state minimum wage), which is the amount of the unpaid minimum wages, and (2) a reasonable attorneys' fee and costs of this action.

**Overview of Defendant's Unlawful Gaming License Deduction**

31.     Defendant has established a uniform gaming license deduction policy that governs employees at its casino.

32.     Under this policy, Defendant deducts from its employees' wages the amount it costs Defendant to initially obtain and thereafter renew the employee's state-issued gaming license, as well as the cost of any replacement license when it is lost or destroyed.

33.     Defendant's employees' state-issued gaming license is primarily for the benefit or convenience of Defendant.  Defendant's casino exists in a heavily regulated environment.  For example, Defendant can only have table games in the casino if they are operated by employees (table games dealers) who have the required state-issued gaming license.  These state-issued

gaming licenses are specifically required for the employee's performance of the employer's particular business.  Without these state licensed employees, Defendant could not compliantly operate its casino and, in turn, generate the revenues needed to support its operation and realize profits.  Also, courts interpreting the requirements of 29 C.F.R. § 531.35 ("Free and clear" payment; "kickbacks") have drawn a line between costs arising from employment itself and those arising in the ordinary course of life.  Costs that "primarily benefit the employee" are universally ordinary living expenses that one would incur in the course of life outside the workplace. Occupational licensing costs – like the state-issued gaming license at issue here – arise out of employment rather than the ordinary course of life.  To that end, Plaintiff has no use for his gaming license in the ordinary course of life outside the workplace.   Therefore, Defendant's employees' state-issued gaming license primarily benefits the employer, not the employee, and are not deductible under the FLSA to the extent that they cut into the minimum or overtime wages required to be paid these employees.

34.     For Defendant's many employees, like Plaintiff, who is paid a direct cash wage of $7.25 per hour (the federally required minimum wage) or less, which include, among others, Defendant's tipped employees (like Plaintiff) for whom Defendant pays a subminimum direct cash wage and claims an FLSA section 3(m) tip credit, this gaming license deduction is unlawful because it necessarily reduces the employee's earnings below the required minimum wage or overtime compensation in the workweeks in which Defendant makes the deduction, resulting in violations of the FLSA.

35.     As the Department of Labor has explained, when an employer claims an FLSA section 3(m) tip credit, the tipped employee is considered to have been paid only the minimum wage for all non-overtime hours worked in a tipped occupation and the employer may not take

deductions because any such deduction reduces the tipped employee's wages below the minimum wage.

36.    By way of further explanation, under the FLSA, an employer's sub-minimum direct cash wage allowable for tipped employees must be at least $2.13 per hour, and the employer is able to count a limited amount of the employee's tips as a partial credit to satisfy the difference between the direct cash wage and the required federal minimum wage (known as a "tip credit"). *See* 29 U.S.C. § 203(m)(2)(A).  The credit allowed on account of tips may be less than that permitted by statute, but it cannot be more.  Thus, as to Plaintiff and other similarly situated employees who are tipped employees and paid a sub-minimum direct cash wage, any tips received by Plaintiff and other similarly situated employees in excess of Defendant's maximum statutorily permitted tip credit cannot as a matter of law be claimed by Defendant when evaluating compliance with the FLSA's minimum wage and overtime compensation requirements.

37.    Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  As Defendant violated the FLSA's minimum wage and/or overtime compensation provisions through an illegal gaming license deduction, each Plaintiff and all others similarly situated are entitled to recover their unpaid minimum wages or overtime compensation, along with an additional equal amount as liquidated damages.

38.    Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged

violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.

39.     Plaintiff and other similarly situated employees are also entitled under the FLSA, 29 U.S.C. § 216(b), to recover a reasonable attorney's fee to be paid by the Defendant, and costs of this action.

40.     Throughout Plaintiff's employment as a Table Games Dealer, he was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendant made a deduction to his wages to cover such costs for his gaming license, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25 per hour) and the requisite Pennsylvania state minimum wage ($7.25 per hour).  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours he actually worked resulted in an amount less than the statutory requirement, Defendant violated the minimum wage requirements.

41.     For instance, Defendant deducted a gaming license fee in the amount of $70.00 from Plaintiff's wages during the pay periods identified on his payroll checks dated September 7, 2018, September 21, 2018, October 5, 2018, October 19, 2018, and November 2, 2018.  During these pay periods, Plaintiff was paid a direct cash wage of $4.25 per hour.  For purposes of the FLSA, Defendant claimed a tip credit only to bridge the gap between Plaintiff's direct cash wage of $4.25 per hour and the federal minimum wage of $7.25 per hour.  Under these circumstances and for purposes of the FLSA, any deduction from Plaintiff's wages, including the unlawful gaming license deductions at issue, violated the FLSA because they necessarily reduced his wages below the federal minimum wage for each hour worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

42.     Plaintiff re-alleges the allegations set forth above.

43.     Plaintiff brings Count I, the FLSA claim arising out of Defendant's violation of the FLSA's tip credit notice provisions, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

> a.     **FLSA Unlawful Tip Credit Notice Policy Collective:** All persons currently or formerly employed by Defendant in tipped hourly positions and paid a direct cash wage that is below $7.25 per hour at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

44.     Plaintiff brings Count II, the FLSA claim arising out of Defendant's gaming license deduction policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

> a.     **FLSA Gaming License Deduction Policy Collective:**   All persons currently or formerly employed by Defendant in hourly positions who had a deduction made from their payroll check for gaming licenses during a workweek which reduced their earnings below the required federal minimum wage, at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

45.     Plaintiff's FLSA claims (Counts I and II) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

46.     Plaintiff, on behalf of himself and others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations.   The number and

identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

47.     Plaintiff brings Count III, the PMWA claim arising out of Defendant's violation of the PMWA's tip credit notice provisions, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

> a.     **PMWA Unlawful Tip Credit Notice Policy Class:**  All persons currently or formerly employed by Defendant in tipped hourly positions and paid a direct cash wage that is below $7.25 per hour at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

48.     Plaintiff brings Count IV, the PMWA claim arising out of Defendant's gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

> b.     **PMWA Gaming License Deduction Policy Class:**  All persons currently or formerly employed by Defendant in hourly positions who had a deduction made from their payroll check for gaming licenses during a workweek which reduced their earnings below the required state minimum wage, at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

49.     Plaintiff brings Count V, the WPCL claim arising out of Defendant's failure to pay all compensation due and owing on his regular payday, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

c.     **WPCL Unpaid Compensation Class:**  All persons currently or formerly employed by Defendant in: (1) hourly positions who had a deduction made from their payroll check for gaming licenses during a workweek which reduced their earnings below the required state minimum wage, and/or (2) tipped hourly positions and paid a direct cash wage that is below $7.25 per hour; at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

50.     Plaintiff brings Count VI, the Pennsylvania common law breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

a.     **Pennsylvania Breach of Contract Class:**   All persons currently or formerly employed by Defendant in hourly positions at any time from four (4) years[1] prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

51.     Plaintiff brings Count VII, the Pennsylvania common law unjust enrichment claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

---

[1] Plaintiff's Pennsylvania common law breach of contract claim is subject to a four (4) year statute of limitations.  *See Caucci v. Prison Health Services, Inc.*, 153 F.Supp.2d 605, 612 (E.D. Pa. 2001).

      a.     **Pennsylvania Unjust Enrichment Class:** All persons currently and formerly employed by Defendant in hourly positions who worked at any time from four (4) years[2] prior to the filing of the Class and Collective Action Complaint to the present, within the State of Pennsylvania.

52.    Plaintiff's PMWA claims (Counts III and IV), WCPL claim (Count V), breach of contract claim (Count VI), and unjust enrichment claim (Count VII), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

53.    These classes each number, at least, in the hundreds and likely thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

54.    There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

      a.     Whether Defendant violated the FLSA, PMWA, and/or WPCL when it failed to pay Plaintiff and class members for all hours worked;

      b.     Whether Defendant failed to pay Plaintiff and class members overtime compensation required under the FLSA, PMWA, and WPCL;

      c.     Whether the gaming license fees are primarily for Defendant's benefit and therefore unlawful;

---

[2] Plaintiff's Pennsylvania common law unjust enrichment claim is subject to a four (4) year statute of limitations. *See Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 685 (E.D. Pa. 2011).

> d.      Whether Defendant's gaming license deductions reduced Plaintiff's and class members' wages below the applicable state or federal minimum wage rate;
>
> e.      Whether Defendant breached its contracts with Plaintiff and class members;
>
> f.      Whether Defendant was unjustly enriched by virtue of its policies and practices with respect to Plaintiff's and class members' pay; and
>
> g.      Whether Defendant willfully violated the FLSA, PMWA, and/or WPCL.

55.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

56.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

57.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendant has acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

58.     Plaintiff is an adequate representative because he is a member of each of the classes he seeks to represent, and his interests do not conflict with the interests of the members of

those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

59.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-II)

60.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

61.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

62.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

63.     During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

64.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

65.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

66.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

67.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

68.     Plaintiff and all similarly situated employees are victims of uniform compensation policies.

69.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the initial Class and Collective Action Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

70.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation,

Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

71.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**ALLEGATIONS APPLICABLE TO PMWA CLAIMS (COUNTS III AND IV)**

72.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

73.     The PMWA regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a minimum wage consistent with that provided for under federal law.  43 P.S. §§ 333.104(a)-(c).

74.     The PMWA should be construed in accordance with its provisions and those of the FLSA.  *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 WL 5874822, at *7 (E.D. Pa. Oct. 7, 2016) ("Because the PMWA 'substantially parallels' the FLSA, federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA.").

75.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and the class members within the meaning of the PMWA.  43 P.S. § 333.103(g).

76.     During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the PMWA.  43 P.S. § 333.103(h).

77.     Plaintiff and the class members are covered, non-exempt employees within the meaning of the PMWA.  Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek.  43 P.S. §§ 333.104(a)-(a.1).

78.     Pursuant to the PMWA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  43 P.S. § 333.104(c).

79.     Although the PMWA contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here.  43 P.S. § 333.105.

80.     Plaintiff and the class members are victims of uniform and employer-based compensation policies.

81.     Plaintiff and the class members are entitled to damages equal to all unpaid minimum and overtime wages due within three (3) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, less any amount actually paid to the employees by Defendant.  43 P.S. § 333.113.

82.     Plaintiff and the class members are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

83.     Defendant is also liable to Plaintiff and the class members for costs and reasonable attorney fees incurred in this action.  43 P.S. § 333.113.

**COUNT I - FLSA (Unpaid Minimum Wages)**

**Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiff,
On Behalf of Himself and Others Similarly Situated)**

84.     Plaintiff re-alleges the allegations set forth above.

85.     Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

86.     Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

87.     In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

88.     Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

89.     As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit,

Defendant has willfully violated state and/or federal law by failing and refusing to pay all federal minimum wages due and owing to Plaintiff and all other similarly situated employees.

90.     Defendant's practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid federal minimum wages pursuant to the FLSA.

91.     WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

  a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

  b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

  c. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

  d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

  e. Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

  f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Gaming License Fee Deduction Policy

### (Brought Against Defendant by Plaintiff, on Behalf of Himself and Others Similarly Situated)

92.     Plaintiff re-alleges the allegations set forth above.

93.     Defendant violated the FLSA by making deductions from the wages of Plaintiff and other similarly situated employees for gaming license fees, which reduced their wages below the federally required minimum wage and caused them to be underpaid overtime wages.  These deductions were primarily for the benefit of Defendant and, therefore, cannot constitute a credit toward Defendant's obligation to pay Plaintiff and other similarly situated employees minimum wage.  As a result, Plaintiff and all similarly situated employees were paid below the federal minimum wage during the workweeks in which these deductions were made.

94.     Defendant's practice was unlawful and a willful failure to comply with the requirements the FLSA.

95.     WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.     Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT III - PMWA (Unpaid Minimum Wages)**

**Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiff,
On Behalf of Himself and Others Similarly Situated)**

96.      Plaintiff re-alleges the allegations set forth above.

97.      Defendant violated the PMWA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

98.      Specifically, Defendant paid Plaintiff and others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

99.      In particular, Plaintiff and other similarly situated employees were not informed, in advance of Defendant's use of the tip credit, of the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, or that such amount may not exceed the value of the tips actually received the employee.

100.      Likewise, Defendant did not report, in writing, to Plaintiff and other similarly situated employees, the amount per hour which it claimed as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it was changed from the amount per hour taken in the preceding week.

101. Defendant failed to comply with the notification requirements set forth within the express language of the PMWA and supporting regulations. 43 P.S. § 333.103(d); 34 Pa. Code § 231.34.

102. As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state law by failing and refusing to pay all state minimum wages due and owing to Plaintiff and all other similarly situated employees.

103. Defendant's practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid state minimum wages pursuant to the PMWA.

104. WHEREFORE, on Count III of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Award Plaintiff and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

    c. Award Plaintiff and class members pre-judgment and post-judgment interest as provided by law; and

    d. Award Plaintiff's and class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 333.113; and

    e. Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

## COUNT IV – PMWA (Unpaid Overtime & Minimum Wages)

**Arising Out of Defendant's Gaming License Fee Deduction Policy**

**(Brought Against Defendant by Plaintiff,
on Behalf of Himself and Others Similarly Situated)**

105.   Plaintiff re-alleges the allegations as set forth above.

106.   Defendant violated the PMWA by making deductions from the wages of Plaintiff and other similarly situated employees for gaming license fees, which reduced their wages below the state required minimum wage and caused them to be underpaid overtime wages. These deductions were primarily for the benefit of Defendant and, therefore, cannot constitute a credit toward Defendant's obligation to pay Plaintiff and other similarly situated employees minimum wage.  As a result, Plaintiff and all similarly situated employees were paid below the state minimum wage during the workweeks in which these deductions were made.

107.   Defendant's practice was unlawful and a willful failure to comply with the requirements the PMWA.

108.   WHEREFORE, on Count IV of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

      a.   Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

      b.   Award Plaintiff and the class members damages for unpaid minimum wages and unpaid overtime wages under 43 P.S. § 333.113;

      c.   Award Plaintiff and the class members pre-judgment and post-judgment interest as provided by law; and

      d.   Award Plaintiff's and the class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 333.113; and

e.     Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

### COUNT V – Wage Payment and Collection Law ("WPCL")

**Arising Out of Defendant's Failure to Pay Compensation
Due and Owing on Regular Paydays**

**(Brought Against Defendant by Plaintiff,
on Behalf of Himself and Others Similarly Situated)**

109.   Plaintiff re-alleges the allegations as set forth above.

110.   During all relevant times to this action, Defendant has employed, and/or continues to employ, Plaintiff and class members within the meaning of Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*.

111.   Pursuant to the WPCL, Plaintiff and class members were entitled to receive all compensation due and owing to them on their regular payday.

112.   As a result of Defendant's unlawful policies, Plaintiff and class members have been deprived of compensation due and owing.

113.   Further, due to Defendant's policy of deducting the amounts of gaming license fees from employees' wages, Plaintiff and class members were subject to improper deductions from their compensation.

114.   WHEREFORE, on Count V of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

b.     Award Plaintiff and class members damages for the total amount of wages due under 43 P.S. § 260.9a;

c.   Award Plaintiff and all similarly situated employees an additional amount of 25% of the total amount of wages due or five hundred dollars ($500), whichever is greater, as liquidated damages under 43 P.S. § 260.10;

d.   Award Plaintiff and class members pre-judgment and post-judgment interest as provided by law; and

e.   Award Plaintiff's and the class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 260.9a; and

f.   Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

<u>**COUNT VI**</u>

**Unjust Enrichment Under Pennsylvania Common Law**

**(Brought Against Defendant by Plaintiff,
on Behalf of Himself and Others Similarly Situated)**

115.   Plaintiff re-alleges the allegations set forth above.

116.   Defendant benefited from deducting gaming license fees from the payroll checks of Plaintiff and the class members, and by failing to pay its employees for all hours worked at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

117.   Defendant was aware or should have been aware that they were receiving such benefits.

118.   Defendant accepted and retained such benefits under such circumstances that it is inequitable and unjust for Defendant to retain such benefits without paying fair compensation for the same.

119.    WHEREFORE, on Count VI of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

        a.    Certify the state law claim set forth in Count VI above as a class action pursuant to Fed. R. Civ. P. 23;

        b.    Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and the class members;

        c.    Award Plaintiff and the class members pre-judgment and post-judgment interest as provided by law; and

        d.    Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

## COUNT VII

**Breach of Contract Under Pennsylvania Common Law**

**(Brought Against Defendant by Plaintiff,
on Behalf of Himself and Others Similarly Situated)**

120.    Plaintiff re-alleges the allegations set forth above.

121.    Defendant entered into a contract with Plaintiff and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

122.    Defendant breached this contract by failing to pay Plaintiff and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

123.    Specifically, Defendant made deductions from wages for gaming license fees, which is not permitted by the contract.

124.    Because of Defendant's breach, Plaintiff and the class members have been damaged.

125.    WHEREFORE, on Count VII of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count VII above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Order Defendant to pay Plaintiff and the class members for the improperly withheld wages in violation of its contract;

c.    Award Plaintiff and the class members pre-judgment and post-judgment interest as provided by law; and

d.    Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Dated:  <u>March 24, 2020</u>           Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings, Esq. (PA BAR 83286)
Larry A. Weisberg, Esq. (PA BAR ID 83410)
2704 Commerce Dr., Suite B
Harrisburg, Pennsylvania 17110-9380
Telephone:   (717) 238-5707
Facsimile:   (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

**STUEVE SIEGEL HANSON LLP**

<u>*/s/ George A. Hanson*</u>
George A. Hanson, Esq. (*pro hac vice* forthcoming)
Alexander T. Ricke, Esq. (*pro hac vice* forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   (816) 714-7100
Facsimile:   (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM**
*A Professional Corporation*

<u>*/s/ Ryan L. McClelland*</u>
Ryan L. McClelland, Esq. (*pro hac vice* forthcoming)
Michael J. Rahmberg, Esq. (*pro hac vice* forthcoming)
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:   (816) 781-0002
Facsimile:   (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2020, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esq.

**COUNSEL FOR PLAINTIFF**
