# EXHIBIT 2

# NOTICE OF CLASS ACTION SETTLEMENT

*Jacob T. Bartakovits v. Wind Creek Bethlehem, LLC*
*Case No. 5:20-cv-01602-JFL*

A settlement (the "Settlement") has been reached in a lawsuit currently pending in the United States District Court, Eastern District of Pennsylvania, entitled *Bartakovits v. Wind Creek Bethlehem, LLC,* Case No. 5:20-cv-01602-JFL (the "Lawsuit").

| **A.** | **PURPOSE OF THIS NOTICE** |
|---|---|

The Court has approved, for settlement purposes only, a class action, and distribution of this Notice to the following members of the class action ("Settlement Class Members"):

> All current and former hourly, tipped employees who earned a cash wage of $7.24 or less between March 24, 2017 and December 8, 2020; or

> All current and former hourly, tipped employees who earned a cash wage of $7.25 or less between March 24, 2017 and December 8, 2020 <u>and</u> had a gaming license fee deducted from their wages.

According to Wind Creek's records, you are a Settlement Class Member eligible to participate in the Settlement. The purpose of this Notice is to inform you about the Settlement, and address your rights and options with respect to the Lawsuit and the Settlement so you may make an informed decision about whether to participate by filling out a request to be excluded (opt-out) from the Settlement, or lodge a written objection to the Settlement terms as described below.

| **B.** | **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** |
|---|---|
| **RECEIVING A SETTLEMENT AWARD UNDER THE SETTLEMENT** | To receive a Settlement Award, you do not have to take any action. If you take no action in response to this Notice, you will receive a portion of the Settlement and will be bound by its terms. The amount of money you receive as a result of the Settlement is reflected on the attached Verification Form. Your Settlement Award is based on work weeks where you earned $7.24/hour (or less) between 3/24/2017 and 12/8/2020 and amounts deducted from your wages for gaming licenses while earning $7.25/hour or less between 3/24/2017 and 12/8/2020. |

| | |
|---|---|
| **OPT-OUT** | If you choose to exclude yourself (opt-out) from the Settlement, you will not be entitled to any payment, and you will not be entitled or permitted to assert an objection to the Settlement. You will retain all of your legal claims you may have against Wind Creek. Written Request for Exclusion (Opt-Out) Forms must be completed, signed, and postmarked by [enter date, 45 days after initial mailing]. |
| **OBJECT** | If you are a Settlement Class Member, you may submit a written objection to the Settlement Administrator to describe why you believe the Settlement is not fair or reasonable. In order to speak to the Court at the Final Settlement Approval Hearing (described above) about the fairness of the Settlement, you must object in writing by [enter date, 45 days after initial mailing]. Regardless of any ruling regarding your objection, you will be included in the Settlement, if approved by the Court. |

| **C.** | **DESCRIPTION OF THE LAWSUIT** |
|---|---|

In the Lawsuit, Plaintiff Jacob T. Bartakovits alleges Wind Creek failed to provide adequate tip credit notice and improperly deducted gaming license fees from tipped employees in violation of the federal Fair Labor Standards Act ("FLSA") and Pennsylvania state law. Plaintiff seeks to recover wages, attorneys' fees, and other relief. Plaintiff sued on behalf of himself and all other individuals allegedly similarly situated to him with respect to the claims asserted.

Wind Creek denied all of Plaintiff's allegations. Specifically, Wind Creek contends, among other things, it provided more than sufficient tip credit notice to tipped employees, lawfully deducted gaming license fees, and acted in good faith; a class action could not be appropriately certified in the Lawsuit; and if a class action were certified, and Wind Creek's defenses would prevail.

After good-faith negotiations, presided over by a neutral mediator, in which both sides recognized risks of an uncertain outcome, Plaintiff and Wind Creek agreed to settle the Lawsuit.

The Settlement is a compromise of highly disputed claims. Nothing in the Settlement is intended, nor shall it be construed as, an admission by Wind Creek that Plaintiff's claims in the Lawsuit have merit, or it has any liability to Plaintiff or Settlement Class Members regarding those claims. Instead, Wind Creek denies all such liability.

The parties and their counsel have concluded the Settlement is advantageous, fair, reasonable, adequate, and in the best interests of all concerned.

The attorneys for the Plaintiff and Settlement Class Members in the Lawsuit ("Class Counsel") are:

    **WEISBERG CUMMINGS, P.C.**

    Derek W. Cummings, Esq.

Larry A. Weisberg, Esq.
2704 Commerce Dr., Suite B
Harrisburg, Pennsylvania 17110
Telephone:     (717) 238-5707
Facsimile:      (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

**STUEVE SIEGEL HANSON LLP**

George A. Hanson, Esq.
Alexander T. Ricke, Esq.
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:      (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**

Ryan L. McClelland, Esq.
Michael J. Rahmberg, Esq.
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:     (816) 781-0002
Facsimile:      (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

The attorneys for Wind Creek are ("Wind Creek's Counsel"):

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

Jacqueline Barrett, Esq.
Vik Jaitly, Esq.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
jacqueline.barrett@ogletree.com
vik.jaitly@ogletree.com

On [date], 2021, the Court granted preliminary approval of the Settlement.

3

| D. | SUMMARY OF TERMS OF THE SETTLEMENT |
|---|---|

The material terms of the Settlement are as follows:

1. Wind Creek will pay $6,000,000 as the Global Settlement Fund. The Global Settlement Fund will constitute all payments to be made under the Settlement; Wind Creek will not pay anything more than the Global Settlement Fund.

2. Class Counsel will make an application to the Court for attorneys' fees in the amount of $2,000,000 and litigation expenses in an amount not to exceed the amount of $8,855.55. This represents 33.33% of the Global Settlement Fund plus Class Counsel's reasonable expenses.

3. Class Counsel will make an application to the Court for an award to the Plaintiff in the aggregate amount of $7,500.00 for his services as the Class Representative ("Service Award").

4. The Settlement will be administered by an independent third-party (the "Settlement Administrator"). The Court has appointed Analytics Consulting LLC to act as the Settlement Administrator. Fees for the Settlement Administrator's services will be paid from the Global Settlement Fund.

5. After deduction from the Global Settlement Fund for Class Counsel's approved attorneys' fees and litigation expenses, the approved Service Awards, and settlement administration expenses, the balance remaining will be the Net Settlement Fund.

6. Out of the Net Settlement Fund, each Settlement Class Member who does not submit a valid and timely Request for Exclusion (Opt-Out) Form (a "Settlement Class Member") will receive a Settlement Award that is calculated as follows:

   The Net Settlement Fund is allocated 93% to the Tip Credit Class and 7% to the Gaming License Class, which represents the approximate *pro rata* distribution of the damages attributable to each Class;

   Each Settlement Class Member in the Tip Credit Class shall be entitled to their *pro rata* share of the Tip Credit Class allocation based on the number of work weeks worked by that Settlement Class Member during the relevant period (*i.e.*, number of work weeks worked as a tipped employee earning $7.24 or less) between March 24, 2017 and December 8, 2020 compared to the total number of work weeks worked by all Settlement Class Members meeting those same criteria;

   Each Settlement Class Member in the Gaming License Class shall be entitled to their *pro rata* share of the Gaming License Class allocation based on the total value of costs associated with gaming licenses deducted from that Settlement Class Member's wages compared to the total value of gaming license deductions for all Settlement Class Members between March 24, 2017 and December 8, 2020.;

Provided, if a Settlement Class Member's allocation would otherwise be less than $100.00, the Settlement Class Member will receive a minimum payment from the Net Settlement Fund in the amount of $100.00.

7. The Settlement Awards and other amounts awarded by the Court will be paid after final court approval of the Settlement, entry of final judgment, and exhaustion of all rights to appeal or review, or after any appeal or review has been resolved in favor of the Settlement.

8. If you do nothing, you will be included in the Settlement and release the claims as described below.

9. If you complete and submit by the deadline a Request for Exclusion (Opt-Out) Form, you will be excluded from the Settlement and will not receive a Settlement Award, but you will retain any right you may have to pursue a claim against Wind Creek.

10. If five percent (5%) or more of the Settlement Class Members timely submit valid Request for Exclusion (Opt-Out) Forms, Wind Creek will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement.

11. The Settlement includes the following release language:

    a. "Covered Period" refers to the period from March 24, 2017 to December 8, 2020.

    b. "Released Person(s)" means Wind Creek, all current and former corporate parents, corporate siblings, subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors.

    c. "Released Claims" means, upon the Effective Date of this Settlement Agreement, the Class Representatives and the Settlement Class Members (other than those who submit valid and timely Opt-Out Request forms) will release and forever discharge Released Persons, from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on, or before, the date of the execution of this Settlement Agreement (the "Release Period"), that were, or could have been, made by the Class Representatives and the Settlement Class Members (other than those who submit valid and timely Opt-Out Request forms) relating to unpaid and/or untimely payment of wages or compensation of any kind, including any claims for liquidated damages, attorneys' fees, costs, expenses, penalties, interest, Settlement Administrator costs, and Service Awards, and any other monetary claims related to the payment of wages, and including any claims arising under the Fair Labor Standards Act, Pennsylvania state laws, municipal or local laws, including common law that are related to the factual allegations asserted in the Complaint.

E.     **OBJECTIONS AND EXCLUSIONS (OPT OUTS)**

**OBJECTIONS.** If you believe the proposed Settlement is not fair or reasonable, you may object to the Settlement by filing with the Court or the Settlement Administrator, ***post-marked no later than [enter date, 45 days after initial mailing of this Notice]***, a written Objection clearly describing why you believe the Settlement is not fair or reasonable. You may enter an appearance through an attorney (at your own expense) if you so desire.

**EXCLUSION (OPT-OUT).** If, for any reason, you do not want to be included in the settlement, y*our Request for Exclusion (Opt-Out) Form must be **post-marked no later than [enter date, 45 days after initial mailing of this Notice].*** *Late or incomplete Objections or Request for Exclusion (Opt-Out) Forms may not be honored.*

F.     **FINAL APPROVAL HEARING OF SETTLEMENT**

On _____, 2021 at _____, at the United States District Court, Eastern District of Pennsylvania, 504 West Hamilton Street, Suite 3401, Allentown, Pennsylvania 18101, the Court will hold a Final Settlement Approval Hearing regarding the fairness and adequacy of the Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and litigation expenses, the Service Awards, and settlement administration expenses. At the Final Settlement Approval Hearing, Settlement Class Members who timely submitted objections will be permitted to voice any objection to the Settlement. If the Court were to find the Settlement unfair, it would be rendered null and void, and the parties would revert to their prior litigation status. If the Settlement were found to be fair, it would be approved. The Final Settlement Approval Hearing may be continued without further notice to Settlement Class Members.

G.     **ADDITIONAL INFORMATION**

If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator at the address and telephone number below .

More information about the Settlement is also available at [website].

If you have questions about the Settlement, you can contact the Settlement Administrator at: [Phone Number] and [Address].

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

45537897.1

# REQUEST FOR EXCLUSION FORM

**List ID:** [ID]
[Settlement Class Member Name]
[Address 1] [Address 2]
[City], [State] [ZIP]

To exclude yourself from the Settlement, and NOT receive your share of the Settlement, you must sign and return this Exclusion Form **postmarked** no later than _____. This form must be mailed, or faxed, to the Claims Administrator at the below address:

*Bartakovits v. Wind Creek Bethlehem, LLC*
Case No. 5:20-cv-01602-JFL
[*insert claims administrator*]

**BY SUBMITTING THIS FORM, I AM CONFIRMING IT IS MY DECISION NOT TO PARTICIPATE, AND NOT TO BE INCLUDED AS A SETTLEMENT CLASS MEMBER, IN THIS CLASS ACTION . I UNDERSTAND I WILL RECEIVE NO MONEY FROM THIS SETTLEMENT.**

By signing and returning this Exclusion Form, I certify I have carefully read the Notice of Class Action Settlement ("Class Notice"), and I want to be excluded from the Settlement. **I understand this means I will not receive any money, or other benefits, under the Settlement, and I will not be subject to the terms of the Settlement**.

_____   (\_\_\_)\_\_\_-_____
Print Name                                                                     Phone Number

_____
Mailing Address                      City                      State                      ZIP

_____
Signature                                                                       Date

45538519.1

**CLASS MEMBER SETTLEMENT INFORMATION VERIFICATION FORM**

*Jacob Bartakovits v. Wind Creek Bethlehem, LLC*
*Case No. 5:20-cv-01602-JFL*

1.      **Instructions.**  If you want to receive a share of the class action settlement in the above entitled case, review the information below to confirm that your contact and personnel information is correct.  **If this information is accurate, do not return this form.**  You will automatically receive your settlement share unless you opt out of the proposed settlement as set forth in the enclosed Class Notice.  If the information below **is not** correct, please provide the correct information where indicated under penalty of perjury, date and sign this document, and mail it, post marked no later than [enter date, 45 days after initial mailing], to the following address:

> [TITLE] Class Action Settlement Administrator
> c/o [enter name of Settlement Administrator]
> [enter address]
> Toll-free phone number: [enter phone number]

Do not mail or deliver this notice to the Court, the settling parties, or their counsel.  **Only submit the corrected information to the Settlement administrator at the address above.**  You are responsible for maintaining a copy of this completed form containing the corrected information.  You will not receive any acknowledgment of receipt from the claims administrator.  To prove that you mailed this form with the corrected information, you must send it to the claims administrator via certified mail.  You are allowed to send it by regular mail, but, if it is lost or misplaced, you will have no ability to prove that you sent it on time unless you send it via certified mail.  If you submitted a request to opt out of the class, do not submit this form to the Settlement Administrator as you may not participate in this settlement if you elect to be excluded.  If you have questions about this form, you may contact the Settlement Administrator at the above address and telephone number.

2.      **Personal Information, Workweeks, and Final Rate of Pay.**  According to Defendant's records, the following information is applicable to you and your potential share of the settlement:

//

//

//

//

| | |
|---|---|
| Name: | [last, first, middle initial] |
| Mailing Address: | [street, city, state, zip] |

1 of 3

| | |
|---|---|
| Number of Weeks Worked between approximately between March 24, 2017 and December 8, 2020: | [workweeks] |
| Amount allocated for Gaming License Class, if any | $[enter amount] |
| Estimated pre-tax Settlement Share (subject to change pending resolution of any disputed workweek claims and approval by Court of settlement): | $[W-2 amount]; $[1099 amount] |

If the information above **is not** correct, please provide the correct information, below:

| | |
|---|---|
| Corrected Name: | |
| Corrected Mailing Address: (*include telephone number, starting with the area code*) | |
| Corrected Number of Workweeks and Basis for Dispute (*include any supporting documentation*) (**DO NOT** *include any workweeks performed outside the March 24, 2017 and December 8, 2020 period*) | |

After consultation with Plaintiff's counsel and Defendant's counsel regarding documentary evidence for your weeks worked, the Settlement Administrator will make a final determination concerning the disputed information by [enter date].  Any completed forms that are not submitted by [enter date, 45 days after initial mailing], will be dismissed as untimely regardless of whether the assigned number of workweeks is disputed.

//

//

//

## DECLARATION AND SIGNATURE

I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct.

_____    _____
**DATE**                                                           **PRINT NAME**

_____
**SIGNATURE**

**PLEASE REMEMBER: IT IS YOUR OBLIGATION TO INFORM THE SETTLEMENT ADMINISTRATOR OF ANY CHANGES TO YOUR MAILING ADDRESS PRIOR TO YOUR RECEIPT OF YOUR SETTLEMENT SHARE.  FAILURE TO UPDATE YOUR MAILING ADDRESS MAY PREVENT YOUR RECEIPT OF YOUR SETTLEMENT SHARE.**

45586422.1