UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB T. BARTAKOVITS, *on behalf of himself and all others similarly situated*,<br>Plaintiff,<br><br>v.<br><br>WIND CREEK BETHLEHEM LLC, *doing business as* WIND CREEK BETHLEHEM,<br>Defendant. | :<br>:<br>:<br>:<br>: No. 5:20-cv-01602<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 7th day of March, 2022, upon consideration of the Order Granting Preliminary Approval of Class Action Settlement, *see* ECF No. 38; Plaintiff's Unopposed Motion to Grant Final Approval of Class Action Settlement, the Settlement Agreement and its exhibits, including the Notice of Settlement, *see* ECF No. 42; Plaintiff's Unopposed Motion for an Award of Attorney's Fees and Costs to Class Counsel and Service Award to Plaintiff, *see* ECF No. 43; and after a final fairness hearing, the Court **HEREBY ORDERS AND FINDS AS FOLLOWS:**

1.      Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2.      The settlement in this matter involves allegations in Plaintiff's class action Amended Complaint against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and breach of contract and unjust enrichment under Pennsylvania common law.

3.  On April 29, 2021, pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court found on a preliminary basis that the proposed class action settlement between Plaintiff Jacob T. Bartakovits, on behalf of himself and all others similarly situated, and Defendant Wind Creek Bethlehem LLC was fair, reasonable, and adequate. The Court preliminarily certified the following two classes:

(1) Tip Credit Class: "Any individual who worked for Defendant as an hourly, tipped employee earning a cash wage of $7.24 or less between March 24, 2017 and December 8, 2020."

(2) Gaming License Class: "Any individual who worked for Defendant as an hourly, tipped employee earning a cash wage of $7.25 or less between March 24, 2017 and December 8, 2020 and had a gaming license fee deducted from their wages."

*See* ECF No. 38.

4.  The Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over members of the two settlement classes, and venue is proper.

5.  The Court appoints, for settlement purposes, Jacob T. Bartakovits as the Class Representative of the Tip Credit Class and Gaming License Class.

6.  The Court appoints, for settlement purposes, George A. Hanson and Alexander T. Ricke of Stueve Siegel Hanson LLP, Ryan L. McClelland of McClelland Law Firm, P.C., and Derrek W. Cummings of Weisberg Cummings, P.C. as Class Counsel for the Tip Credit Class and Gaming License Class.

7.  The Court approves Analytics Consulting LLC as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

8. On November 10, 2021, the Court held a fully noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award individual statutory damages and an Incentive Award to the Class Representative. No member of the Class filed any objections to any aspect of the Settlement Agreement, either with counsel or with the Court; nor did any member of the Class appear at the Final Approval Hearing despite the Hearing being fully noticed.

9. The Court finds that the Notice of Settlement sent to Settlement Class Members via First Class Mail adequately informed them of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement also adequately informed Settlement Class Members of the contact information for the Settlement Administrator and Class Counsel. The Notice, given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice. The Notice of Settlement satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1)(B), the United States Constitution, the Rules of this Court, and any other applicable law.

10. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court is fair,

reasonable, and adequate and is therefore granted final approval for the reasons stated in Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.

11. The Settlement Agreement is also fair, reasonable, and adequate pursuant to the factors set forth by the Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), each of which supports this conclusion.

12. The Court finds that: (a) the strength of the Class Representative's and Settlement Class Members' claims weighed against the defenses of Defendant and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the settlement amount of $6,000,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims of Settlement Class Members; (c) the settlement was reached pursuant to arm's-length negotiations between the parties with the assistance of former United States Magistrate Judge Rueter of this District; (d) the support for the settlement expressed by Class Counsel and counsel for Defendant, who were fully informed of the facts and circumstances of this litigation, of the strengths and weaknesses of their respective positions, and have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Settlement Class Members supports approval of the settlement; (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, specifically, the case settled at the close of discovery; and (g) the common fund represents over 57% of the unpaid minimum wages at issue and member payments are estimated to be over $2,110 (Tip Credit Class) and over $182 (Gaming License Class), which is a significant recovery in a wage case.

13. The settlement resolves a bona fide dispute over FLSA provisions, is fair and reasonable to the all class members, and does not frustrate implementation of the FLSA in the workplace. *See Hunter v. M-B Cos.*, No. 19-cv-04838, 2020 U.S. Dist. LEXIS 127037, at *4 (E.D. Pa. July 20, 2020) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); 29 U.S.C. § 216(b).

14. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

15. Settlement Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

16. Pursuant to Rule 23 and the terms of the Settlement Agreement, the Court hereby awards Class Counsel one-third of the settlement fund as attorneys' fees ($2,000,000) and reimbursement of $6,853.75 in advanced litigation expenses according to the procedures set forth in the Settlement Agreement.

17. For the reasons stated in Plaintiff's Unopposed Motion for an Award of Attorneys' Fees and Costs to Class Counsel and Service Award to Plaintiff, the Court finds the award of fees and costs are reasonable under the Third Circuit's factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 336-40 (3d Cir. 1998). Specifically, (a) Class Counsel achieved a favorable result for the Class; (b) no class members objected to Class Counsel's fee request; (c) Class Counsel is uniquely skilled and efficient in prosecuting casino wage and hour

cases; (d) the case was complex and settled only at the close of discovery; (e) Class Counsel took the case on a contingent fee basis and expended 934.25 hours in prosecution of the case, with no guarantee of compensation; (e) Class Counsel was not assisted by any third party in the investigation and litigation of this case; and (f) the expenses incurred were reasonable and necessary.

18.	The Court further approves a $7,500 service award for Plaintiff Bartakovits, payable pursuant to the terms of the Settlement Agreement.  This amount is fair and reasonable because Mr. Bartakovits actively participated in the investigation, prosecution, and settlement of this case, and undertook a reputational risk attaching his name to a complaint against a former employer.

19.	The Court orders that any Settlement Class Member who did not timely request exclusion is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released Claims arising under Pennsylvania and local law as described in the Settlement Agreement.

20.	As identified by the Settlement Administrator, the Court finds that six individuals, listed on Exhibit A to the Settlement Agreement, have timely requested exclusion from the settlement classes. These individuals are (a) excluded from the Tip Credit Class and Gaming License Class previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release or discharge the Released Claims; and (d) are not entitled to participate in the settlement.

21.	The Court further orders that any Class Member who negotiates his or her settlement check is bound by the terms of the Settlement Agreement and fully releases and discharges the Released Claims upon such negotiation, including claims arising under the Fair

Labor Standards Act. The Court finds that the release of FLSA claims in this case is appropriate because the settlement represents a fair and reasonable resolution of a *bona fide* dispute and for the other reasons set forth herein. *See Lynn's Food Stores Inc.*, 679 F.2d at 1354.

22. The Court grants final approval of the settlement in all respects and directs the parties to effectuate the terms of the Settlement Agreement.

23. For the reasons stated herein, Plaintiff's Unopposed Motion to Grant Final Approval of Class Action Settlement, ECF No. 42, as well as Plaintiff's Unopposed Motion for an Award of Attorney's Fees and Costs to Class Counsel and Service Award to Plaintiff, ECF No. 43, are **GRANTED**.

24. This action is hereby **DISMISSED WITH PREJUDICE** without fees or costs to any party except as provided in the Settlement Agreement.

25. The Clerk is directed to enter judgment consistent with this Order.

26. This case is **CLOSED**.

                                              BY THE COURT:

                                              */s/ Joseph F. Leeson, Jr.*
                                              JOSEPH F. LEESON, JR.
                                              United States District Judge